OPINION of the Court, by
Ch. J. Boyee.-
This is a writ of error to an order of the Warren circuit court . ¡. , . . , ,. granting a writ or prohibition to the county court tor that county, upon a suggestion filed by the defendant in error that said county court was about to exercise iu-risdiction m certain matters ot controversy between him and the plaintiff in error, which exclusively belong-cd to the circuit court to decide.
-i. 1 wo motions have been made, one by the defendant in error to quash the writ of error, because no final judgment has been rendered by the court below ; and the other by the plaintiff in error for a certiorari requiring that court to certify their judgment to this court.
The latter motion was probably predicated upon a misapprehension of the state of the record: for it is evidcnt from an inspection of the record that there have been no proceedings had or judgment rendered subsequent to the emanation of the writ of prohibition ; and consequently, that the only order made or act done by the court below is that granting the writ ; and as that order is contained in the transcript filed, the certiorari would be useless. The motion therefor by the plaintiff must therefore be overruled.
The question then occurs upon the defendant’s motion to quash the writ of error. This turns upon the point whether the order granting the writ of prohibition & a final judgment or not. That it is not, will, we ap- *480 prebend, be abundantly manifested by Ihe nature anti mode of proceedings in cases of prohibition. The most comprehensive and at.the same time compendious treatise which vve have seen upon this subject, is to be found in Williams’s notes to the case of Croucher vs. Collins, 1 Saun. 136. According to that writer, the writ of prohibition is an original writ, which anciently like all other original writs, could issue only out of chancery ; and the courts of common law did not interfere until the party was in contempt for proceeding after he waá served with the original writ, an alias and a pluries directed to him. In that case an attachment for prohibition issued aeainst him,returnable in the King’s Bench or Common Pleas, whereon tin party who sued out the writ of prohibition might declare qui tarn to recover the damages he had sustained by the defendant’s obstinacy. But the modern practice is to file .a suggestion, stating the nature of che case and the proceedings in the inferi- or court, ami Concluding with a prayer fora prohibition* Upon this suggestion, the court grants a rule to shew cause why a prohibition should not issue, which is af-terwards made absolute or discharged, according to the nature of the case. If it be a nice or difficult case, the court will make the rule absolute and direct the party applying to declare, which he does by serving the other side with the rule without taking out a writ. But if the court be of opinion that a prohibition should go, and do not direct the plaintiff to declare, still the defendant may as a matter of right insist that the plaintiff shall declare. The declaration, notwithstanding the defendant is not in fact served with a writ of prohibition, and therefore has not in fact incurred any contempt, still proceeds upon she notion of the ancient practice having been conformed to in the emanation of a writ of prohition and the defendant having proceeded in contempt of it. This however is a mere fiction, used for the purpose of trying with greater certainty whether the inferior court ought to proceed farther in the suit, and is held not to be traversable. And there is no doubt where a writ of prohibition has in tact issued, that the defendant may compel the plaintiff to declare, on which the same proceedings may be had as if the declaration were founded upon the fiction. la either case the defendant may plead or demur, and issues of law or fact be therer *481 tepon joinedin other suits ; and if there be either a Verdict for the plaintiff or the court on demurrer shall be of opinion that there is sufficient ground fora prohibition, then judgment shall be given for the plaintiff stet prohibitio, whereby the defendant and the inferior court shall be prohibited from proceeding any farther. On the other hand, if the verdict be for the defendant, or the ctiurt on demurrer be of opinion that there is no ground for a prohibition, then judgment shall be given for the defendant eat consultation that a writ of consultation go, which is so called because the judges upon consultation had found the prohibition to be ill founded ; and by that writ.the cause is remanded to the inferior court, to be there determined.
The delineation of the outlines which we have thus briefiy given, of the mode of proceeding in cases of prohibition, clearly proves that the granting the writ of prohibition, so far from being the end of the controversy* is but in fact its commencement; and consequently that until the ulterior steps are taken and the cause terminated by a judgment for the plaintiff or defendant* neither party can maintain a writ of error.
Writ of error quashed.